**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4370

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

CODY MATTHEW WROBLEWSKI,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:17-cr-00173-1)

Argued: April 3, 2019                                               Decided: July 12, 2019

Before RICHARDSON, Circuit Judge, TRAXLER, Senior Circuit Judge, and Joseph F. ANDERSON, Jr., Senior United States District Judge for the District of South Carolina, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Stefan Jack Oliver Hasselblad, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Christian M. Capece, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cody Wroblewski pleaded guilty to failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. The district court sentenced Wroblewski to 24 months' imprisonment, followed by a 10-year term of supervised release. Wroblewski appeals, challenging the district court's imposition of certain conditions of supervised release. We affirm in part, vacate in part, and remand for resentencing.

I.

In 2011, Wroblewski was convicted in South Carolina of criminal sexual conduct in the third degree based on contact with a five-year-old child. The conviction triggered a duty under federal law to register as a sex offender. *See* 34 U.S.C. § 20913(a). Wroblewski complied with the initial registration requirements, but was convicted in 2012 for failing to update his registration status. In 2014 he again failed to update his registration, and a warrant was issued for his arrest. In August 2017, Wroblewski was found living in West Virginia. Because he did not update his registration after moving to West Virginia, Wroblewski was indicted on the § 2250 charge giving rise to this appeal. As noted above, Wroblewski pleaded guilty to the charge.

The local court rules for the Southern District of West Virginia include a list of recommended conditions of supervised release to be imposed "as appropriate" in cases where the defendant was convicted of a sex offense. S.D. W. Va. Loc. R. Crim P. 32.4. Some of the conditions are described in the rules as "standard," while others are described as "optional." *Id.* The presentence report prepared before sentencing

3

recommended the imposition of several of the conditions set out in the local rule. As is relevant to this appeal, the conditions recommended by the PSR (the "Special Conditions") would bar Wroblewski from accessing material depicting sexually explicit conduct and from possessing or using computers or other devices that can be connected to the internet; require him to notify employers and family members of his status as a sex offender; and prohibit him from working with or otherwise contacting minors.

At the sentencing hearing, Wroblewski objected to each of the Special Conditions. After entertaining argument on the objections, the district court announced the imposition of all of the recommended Special Conditions except the condition involving access to the internet, which the court took under advisement. A month after sentencing, the district court issued its written judgment, which included all of the Special Conditions. The terms of the Special Conditions imposed by the court are as follows:

> 5. The defendant shall not access or possess any material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), including any photograph, film, video, picture, . . . or computer generated image or picture, nor shall the defendant knowingly enter, or knowingly remain in, any location, without prior approval of the probation officer, where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games. [The "Explicit Material Condition"]
>
> 6. The defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the probation officer for such purposes as looking for employment opportunities and submitting applications to prospective employers through the internet; defendant's lawful gainful employment by a business entity; use by an immediate family member living in defendant's same household or for other legitimate purposes. Such computers, computer hardware or software

possessed solely by the defendant is subject to searches and/or seizures by the probation office. [The "Connected Device Condition"]

. . . .

9. The defendant shall not associate or have verbal, written, telephonic or electronic communications with any minor except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender conviction(s); and 3) with written approval from the probation officer. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services. [The "Association with Minors Condition"]

. . . .

11. The defendant shall notify employers, family, friends and others with whom the defendant has regular contact of defendant's conviction(s) as a sex offender and that the defendant is being supervised by a probation officer. [The "Notification Condition"]

12. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without written permission from the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor. [The "Working with Minors Condition"]

J.A. 77. Wroblewski appeals, challenging the propriety of the Special Conditions as well as the procedure used to impose the Connected Device Condition.

II.

"District courts have broad latitude to impose conditions on supervised release." *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003). "In addition to a number of mandatory conditions, *see* 18 U.S.C. § 3583(d), the sentencing court may impose any other condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in § 3583(d)(1)." *Id.* The statutory factors to

which any special condition must reasonably relate are: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need to provide deterrence and to protect the public from additional crimes, *see id.* §§ 3553(a)(2)(B) & (C); and the need to provide the defendant with any necessary training, medical care, or treatment, *see id.* § 3553(a)(2)(D). The conditions imposed must involve "no greater deprivation of liberty than is reasonably necessary" to serve these purposes, 18 U.S.C. § 3583(d)(2), and must be consistent with the policy statements governing supervised release issued by the Sentencing Commission, *see id.* § 3583(d)(3).

As with a term of imprisonment, the imposition of supervised-release conditions must be based on an individualized assessment of the defendant and the factors listed above. *See United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (vacating special conditions of supervised release because the district court "offered no explanation as to their necessity *in Armel's case*" (emphasis added)). "A particular restriction does not require an offense-specific nexus, but the sentencing court must adequately explain its decision and its reasons for imposing it." *United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012) (citation and internal quotation marks omitted).

### III.

Wroblewski argues on appeal that the district court abused its discretion by imposing the Special Conditions, as the conditions are not reasonably related to the statutory conditions relevant to his case and impose a greater restriction on his liberty than necessary.

### A.

We turn first to the Explicit Material Condition. As noted above, the Explicit Material Condition prohibits Wroblewski from accessing or possessing material depicting sexually explicit material, or entering without permission of his probation officer any location where he could access or view such material. The condition incorporates the definition of "sexually explicit conduct" found in 18 U.S.C. § 2256(2)(A) – *i.e.*, "actual or simulated" depictions of "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex"; "bestiality"; "masturbation"; "sadistic or masochistic abuse"; or "lascivious exhibition of the anus, genitals, or pubic area of any person," *id.* The Explicit Material Condition applies to all depictions of sexually explicit conduct, "including pictures, photographs, books, writings, drawings, videos or video games." J.A. 77.

As Wroblewski argues, this condition significantly trenches on his First Amendment rights. The Explicit Materials Condition does not simply bar access to obscene material or child pornography (which is not protected by the First Amendment), but instead bars Wroblewski from *all* visual depictions of sex acts, whether obscene or not. Visual depictions of sex, of course, are extremely common in art, television, and movies. Given that the condition also bars Wroblewski from entering any location where such materials could be viewed, the Explicit Material Condition by its terms prevents Wroblewski from entering a movie theater, bookstore, or library, and arguably prevents Wroblewski from going to a house where HBO or Showtime are available.

The district court's only explanation for imposing this condition was that the condition "is a standard condition for sex offenders" and that the condition was

7

"necessary and appropriate under the circumstances." J.A. 49. As we have explained, however, the decision to impose special conditions of supervised release requires an individualized assessment and a satisfactory explanation of the court's reasoning; the mere fact that the condition is described in local court rules as a "standard" condition is insufficient. *Cf. United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006) ("[A] court may not categorically impose [a particular] condition in every child pornography case that comes before it; since the relevant statutory and constitutional considerations look to whether the condition is more restrictive than what is needed to satisfy the governmental interest in a specific case, the district court must decide whether to impose such a condition based on specific facts."). There is nothing in the record indicating that pornography or sexually explicit material played any role in Wroblewski's behavior, and the district court did not explain why such a broad restriction was necessary in this case to serve the statutory sentencing factors, nor did it consider whether a lesser restriction would have been sufficient. *See* 18 U.S.C. § 3583(d)(2) (special conditions of supervised release must involve "no greater deprivation of liberty than is reasonably necessary" to serve the statutory factors). While we do not foreclose the possibility that such a broad restriction on the exercise of First Amendment rights could be justified in a particular case, there is simply nothing in the record before us showing why the broad restriction is warranted in *this case*. Because we are unable to determine the district court's basis for imposing the Explicit Material Condition, we cannot determine whether the condition was properly imposed. We therefore vacate the Explicit Material Condition and remand for further proceedings. *See Armel*, 585 F.3d at 186-87 ("Appellate courts must have

8

sufficient information about the justifications offered for the sentence imposed in order to conduct a meaningful review. Because the record here does not contain this essential information, we cannot determine the reasonableness of the challenged special conditions and must therefore vacate those conditions and remand for resentencing." (internal quotation marks, alteration, and citation omitted)).

B.

The above analysis is equally applicable to the district court's imposition of the Connected Device Condition. That condition prohibits Wroblewski from possessing or using any electronic device that can be connected to the internet or any "computer networks" unless approved by the probation officer for purposes such as working or applying for jobs. J.A. 77. As the Supreme Court has explained, one of "the most important places (in a spatial sense)" in the modern world for the exercise of First Amendment rights is "cyberspace – the vast democratic forums of the Internet in general, and social media in particular." *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017) (citation and internal quotation marks omitted). The Connected Device Condition, however, effectively locks Wroblewski out of cyberspace and prevents him from accessing "websites integral to the fabric of our modern society and culture." *Id.* at 1738. While the probation officer is authorized to give Wroblewski permission to use the internet if necessary for work or for "other legitimate purposes," J.A. 77, the Connected Device Condition provides no hint about what other activities might qualify as legitimate. If Wroblewski wishes to use the internet to read about current events or communicate

with distant family, it is up to the probation officer to decide whether that constitutes a legitimate purpose.

Given the centrality of the internet to modern life, the Connected Device Condition operates as an extreme restriction on Wroblewski's exercise of his First Amendment rights. Despite the absence of record evidence that computers or the internet played any role in Wroblewski's offense, the district court provided no explanation at all for the imposition of this condition. After listening to the parties' arguments, the district court took the issue under advisement so that it could "give further consideration to that particular condition, imposing it or not or imposing it in a different fashion." J.A. 54-55. Although the Connected Device Condition was included in the subsequent written judgment, the judgment provides no insight into why the court concluded that the condition should be imposed. The district court did not explain how or why the condition serves the relevant statutory sentencing factors, or why a less-extreme restriction (such as requiring computer-monitoring software) would not be effective. Because the district court offered no explanation for why the Connected Device Condition was warranted in this case and the record provides us no insight into the court's reasoning, we have no choice but to vacate the Connected Device Condition. *Cf. United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019) (vacating supervised-release condition banning internet access because the ban "severely encroached on [Eaglin's] First Amendment rights by depriving him of the opportunity to engage with modern society . . . . without any clear evidence in the record that the condition was warranted by Eaglin's criminal history or

characteristics, the need for deterrence or to protect the public, or the court's desire to provide necessary rehabilitative services to Eaglin").[1]

C.

Wroblewski also contends the district court erred by imposing the Notification Condition, which requires him to "notify employers, family, friends and others with whom the defendant has regular contact of defendant's conviction(s) as a sex offender and that the defendant is being supervised by a probation officer." J.A. 77. We disagree.

As Wroblewski concedes, there is "some basis in [his] background to support" this condition, Brief of Appellant at 29, given his failures to comply with the registration requirements of § 2250. The purpose of the sex-offender registry is to "protect the community from the risks posed by convicted sex offenders by requiring registration and then by providing notification to the public." *United States v. Douglas*, 850 F.3d 660, 665 (4th Cir. 2017) (internal quotation marks omitted). Because Wroblewski has repeatedly evaded this statutory method for notifying the public, the Notification Condition is reasonably related to Wroblewski's history and characteristics and to the need to protect the public from further crimes. And given Wroblewski's history, we

---

[1] Pointing to the general rule that the oral sentence controls when there is a conflict between the orally pronounced sentence and the written judgment, *see, e.g.*, *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003), Wroblewski also contends that Connected Device Condition must be rejected because it was not included in the sentence announced by the court at the conclusion of the sentencing hearing. Although we believe that the better practice would have been to announce the imposition of the condition in open court with Wroblewski present, our conclusion that the Connected Device Condition must be vacated on other grounds makes it unnecessary for us to definitively resolve this issue.

11

cannot say that the district court abused its discretion by concluding that the condition imposes no greater restriction on his liberty than necessary. Accordingly, we find no error in the district court's decision to require Wroblewski to personally notify the people he has regular relationships with about his status.

D.

Wroblewski also contends that the district court erred by imposing the Association with Minors Condition and the Working with Minors Condition. We see no abuse of discretion. As with the Notification Condition, these conditions are reasonably related to Wroblewski's history and to the need to protect the public, particularly in light of his history of evading SORNA's registration requirements.[2]

IV.

Accordingly, we find no abuse of discretion in the imposition of the Notification Condition, the Association with Minors Condition, and the Working with Minors Condition, and we therefore affirm that part of the district court's judgment.

As to the Explicit Material Condition and Connected Device Condition, however, the current record does not reveal information sufficient to support such severe restrictions on Wroblewski's First Amendment rights, and the district court failed to explain why it believed the restrictions were warranted in this case. We therefore vacate

---

[2] Wroblewski argues that, if nothing else, the Association with Minors Condition is overbroad because it does not except from its scope any children that he may have in the future. We decline to set the condition aside on that basis, as Wroblewski may petition the court for modification should that eventuality arise.

the Explicit Material Condition and Connected Device Condition and remand for resentencing. If the district court on remand concludes that the imposition of these conditions is reasonably necessary to serve the statutory sentencing factors, the court must provide an explanation sufficient to permit us to conduct a meaningful review of that decision. *See Armel*, 585 F.3d at 186-87.

*AFFIRMED IN PART, VACATED IN PART,
AND REMANDED*